# No. 20-6141

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

_____

MEMPHIS A. PHILLIP RANDOLPH INSTITUTE, et al.,
*Plaintiffs-Appellees*

v.

TRE HARGETT, Secretary of State, et al.,
*Defendants-Appellants*

_____

On Appeal from the United States District Court for the
Middle District of Tennessee
(No. 3:20-cv-00374)

---

## APPELLANTS' EMERGENCY MOTION TO EXPEDITE THIS APPEAL

---

HERBERT H. SLATERY III
  Attorney General and Reporter
  of the State of Tennessee

ANDRÉE S. BLUMSTEIN
  Solicitor General

MATTHEW D. CLOUTIER
  Assistant Attorney General
  *Counsel of Record*
P.O. Box 20207
Nashville, TN 37202
(615) 741-7908
Matt.Cloutier@ag.tn.gov

With less than two months to go before the November presidential election, the district court below issued an injunction barring the State from enforcing its longstanding requirement that first-time, mail-registered voters appear in person to provide proof of identification. *See* Tenn. Code Ann. § 2-2-115(b)(7). If sustained, the injunction will harm the State and the public. The provision the district court enjoined is just one piece of a broader framework of State election laws that, together, act to combat fraud and to ensure the integrity of the election process. By removing this critical piece of that framework, the district court has sown confusion and opened the door to potential voter fraud on the eve of an election. The State thus respectfully asks this Court to rule on the State's emergency stay motion as soon as possible and to expedite its consideration of the appeal.

A motion to expedite an appeal will be granted upon a showing of "good cause." *See* Fed. R. App. P. 2; *see also Owens v. Keeling*, 461 F.3d 763, 775–76 (6th Cir. 2006) (citing Rule 2 and reiterating that, on "a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b)"); Fed. R. App. P. 2 advisory committee notes (1967 adoption) (explaining that "[t]he primary purpose of this rule is to make clear the power of the courts of appeals to expedite the determination of cases of pressing

concern to the public or to the litigants by prescribing a time schedule other than that provided by the rules.").

Good cause exists here. This appeal involves an eleventh-hour injunction barring the State from enforcing one of its legislatively enacted election laws. This Court regularly grants expedited briefing in cases involving the issuance of preliminary injunctive relief. *See* 6th Cir. R. 31(c)(2)(A) (explaining that this Court "schedules expedited briefing in . . . appeals from orders denying or granting preliminary injunctions"). And what is more, this Court has recently granted expedited briefing in election-law cases on the eve of an election. *See, e.g.*, *Memphis A. Phillip Randolph Inst. v. Hargett*, No. 20-6046, Order (6th Cir. Sept. 16, 2020) (expediting appeal in case involving State election laws with less than two months to go before the election); *see also Ohio State Conference of the N.A.A.C.P. v. Husted*, No. 14-3877 (6th Cir. Sept. 11, 2014) (same).

For these reasons, as well as those discussed in the State's contemporaneously filed emergency motion to stay the district court's injunction pending appeal, the State asks this Court to expedite its consideration of the appeal and to set a briefing schedule akin to the one it implemented in another election-related appeal stemming from the same district-court case: *Memphis A. Phillip Randolph Inst. v. Hargett*, No. 20-6046, Order (6th Cir. Sept. 16, 2020). The State requests the following briefing schedule:

- Defendants-Appellants' opening brief: October 16, 2020

- Plaintiffs-Appellees' principal brief: October 23, 2020

- Defendants-Appellants' reply brief: October 26, 2020

To facilitate the rapid resolution of this appeal, the State is willing to waive oral argument. If, however, the Court orders oral argument, the State respectfully requests that it occur at the earliest possible opportunity. This compressed timeline is reasonable given the close proximity of the November election and the State's urgent need to ensure the integrity of the electoral process.

The State contacted Plaintiffs' counsel they have indicated that they oppose this motion.

        Respectfully submitted,

        HERBERT H. SLATERY III
        Attorney General and Reporter

        ANDRÉE S. BLUMSTEIN
        Solicitor General

        /s/ Matthew D. Cloutier
        MATTHEW D. CLOUTIER
        Assistant Attorney General
        P.O. Box 20207
        Nashville, TN 37202
        (615) 741-7908
        Matt.Cloutier@ag.tn.gov

        *Counsel for Defendants-Appellants*

October 9, 2020.

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 587 words, excluding the parts of the brief enumerated by Fed. R. App. P. 32(f).

This filing also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

/s/ Matthew D. Cloutier
MATTHEW D. CLOUTIER
Assistant Attorney General

October 9, 2020

## CERTIFICATE OF SERVICE

I, Matthew D. Cloutier, counsel for Defendants-Appellees and a member of the Bar of this Court, certify that, on October 9, 2020, a copy of the foregoing Motion was filed electronically through the appellate CM/ECF system. I further certify that all parties required to be served have been served.

/s/ Matthew D. Cloutier
MATTHEW D. CLOUTIER
Assistant Attorney General
